UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL L. COBB,<br><br>               Plaintiff,<br><br>    v.<br><br>SUPERINTENDENT JOHN DOE BRUNDON, *et al*,<br><br>               Defendants. | Case No.  C05-5776RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 26, 2006 |

      Plaintiff is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington.  This matter is before the Court on plaintiff's failure to comply with the Court's order to show cause. (Dkt. #5).  After a review of the record, the undersigned submits the following report and recommendation, recommending the Court dismiss this action for failure to comply with the Court's order.

## DISCUSSION

      A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of

was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

On January 12, 2006, the undersigned issued an order directing plaintiff to cure certain deficiencies in his complaint by filing an amended complaint by no later than February 12, 2006, or show cause why this matter should not be dismissed. (Dkt. #5). Specifically, the undersigned found plaintiff had failed to state, let alone show, that defendants' conduct deprived him of a right, privilege or immunity secured by the United States Constitution or federal law.

On March 7, 2006, the undersigned granted plaintiff's motion for an extension of time to respond to the order to show cause, directing him to respond thereto by no later than March 28, 2006. (Dkt. #8). To date, however, plaintiff still has not so responded.

## CONCLUSION

Because plaintiff has failed to comply with the Court's order to show cause (Dkt. #5), and because his complaint remains deficient for the reasons set forth herein, the Court should dismiss this case with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 26, 2006**, as noted in the caption.

DATED this 2nd day of May, 2006.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge